**Mohammad Riyad HASAN, Petitioner,**

**v.**

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

**No. 08–4756–ag.**

United States Court of Appeals, Second Circuit.

Aug. 21, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Jorge Guttlein, Guttlein & Associates, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Richard M. Evans, Assistant Director; Virginia Lum, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and REENA RAGGI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammad Riyad Hasan, a native and citizen of Bangladesh, seeks review of an August 28, 2008 order of the BIA affirming the December 14, 2006 decision of Immigration Judge ("IJ") Margaret McManus pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mohammad Riyad Hasan,* No. A96 423 815 (B.I.A. Aug. 28, 2008), *aff'g* No. A96 423 815 (Immig. Ct. New York, Dec. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). "We review *de novo* questions of law and the application of law to undis-

puted fact." *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, Petitioner affirmatively waives any challenge to the agency's pretermission of his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(B). Accordingly, we consider only Petitioner's withholding of removal and CAT claims.

■ We find no error in the agency's denial of Petitioner's applications for withholding of removal and CAT relief. Petitioner contends that the IJ's favorable credibility finding "gives rise to a presumption of a well-founded fear of persecution." (Petr.'s Br. 15) That is incorrect. It is a finding of "past persecution," not a finding that Petitioner is credible, that gives rise to a presumption of a well-founded fear of persecution. *See* 8 C.F.R. § 208.13(b)(1). Substantial evidence supports the agency's finding that Petitioner failed to demonstrate that he suffered persecution in the past. While he may have received some indirect threats on occasions when his brother, the publisher, was being confronted by Islamist fundamentalists in Bangladesh, there is no evidence that Petitioner was ever arrested or harmed in any way. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006). As Petitioner failed to establish past persecution, he was not entitled to any presumption of a likelihood of future persecution in Bangladesh. *See* 8 C.F.R. § 1208.16(b)(1).

■ Substantial evidence also supports the agency's finding that Petitioner failed to demonstrate a well-founded fear of future persecution. To establish eligibility based on a well-founded fear of future persecution alone, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Petitioner's brother and Petitioner were threatened by an Islamic extremist group for publishing books that advocated against the ideology of the group. However, as the agency noted, when Petitioner left the publishing house run by his brother to work for a manufacturing company, Petitioner was not threatened or harmed in any way. As Petitioner was able to avoid the harm he now claims to fear, and the record does not demonstrate that he would be compelled to work for his brother's publishing house in Bangladesh, the agency reasonably found that he did not establish that it was more likely than not that he would be persecuted in the future. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Thus, it properly denied Petitioner's application for withholding of removal. *See* 8 C.F.R. § 1208.16(b)(1).

Likewise, the agency did not err in denying Petitioner's CAT claim, where it was predicated upon the same facts as his asylum and withholding of removal claims and the agency properly found that he did not demonstrate a likelihood of persecution. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir.2006) (stating that torture is "something more severe than the kind of treatment that would suffice to prove persecution").

Upon review, we find Petitioner's remaining arguments without merit. For the foregoing reasons, the petition for review is DENIED.